**CASPER MARINE, INC.**

v.

**SEATRANS SHIPPING CORP.**

**Civil Action No. 97–2162.**

United States District Court,
E.D. Louisiana.

July 15, 1997.

Peter L. Hilbert, Jr., Darnell Bludworth, Daniel Thomas Plunkett, McGlinchey, Stafford & Lang, New Orleans, LA, for Plaintiff.

FALLON, District Judge.

On the afternoon of Wednesday, July 9, 1997, plaintiff, Casper Marine, presented the Court with a verified complaint alleging that it had chartered the *M/V Heraklia* to the defendant, Seatrans Shipping, and that charter hire remained owing with respect to the *Heraklia* in the amount of $105,942.41. *See* Complaint, ¶¶ V and VI. Pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, the Complaint contained a prayer for process to attach the defendant's bunkers aboard the *M/V Space* and was accompanied by an affidavit signed by the plaintiff's attorney, Peter L. Hilbert Jr., stating that the defendant could not be found in this District.

At the request of defendant, a post-attachment hearing was held pursuant to Supplemental Rule E(4)(f) and Local Admiralty Rule 4.1(C) on July 10, 1997 at 2:00 pm, at which time the defendant presented arguments that the attachment should be vacated as improper.

According to defendant, the attachment is invalid in two respects: 1) because plaintiff has failed to present a *prima facie* case showing that it is entitled to the relief sought; and 2) because to require the defendant to provide security in any form would deprive defendant of its right under English law (which governs the rights of the parties under the charter party) to make good faith deductions from the charter hire. The Court is unpersuaded by the defendant's arguments and finds that the plaintiff has carried its burden under Supplemental Rule E(4)(f) and Local Admiralty Rule 4.1(C) of showing why the attachment should not be vacated.

■ In support of its claim that it is entitled to the relief sought, plaintiff submits the unsworn declaration under penalty of perjury of Geoffrey Woodford of N.J. Goulandris Limited, the London agents of the *Heraklia,* in which the declarant states that the defendant has been invoiced for but has failed to pay $105,942.41 in charter hire for the charter term commencing January 25, 1997 and concluding on June 20, 1997. Attached to the declaration is the Provisional Final Hire Statement, which establishes that defendant has paid only $1,557,446.84 of the $1,663,-389.25 in charter hire invoiced, leaving a balance owing of $105,942.21. The Court finds that this evidence amounts to a *prima facie* showing that plaintiff is entitled to the damages sought.[1]

■ As stated above, the defendant's second basis for seeking dissolution of the attachment is that English law sanctions the good faith withholding of disputed amounts from charter hire.[2] Citing the *"Nanfri," Federal Commerce and Navigation LTV v. Molena Alpha, Inc. to Lloyd's Rep.* P. 132 [1978] [Vol.2], the defendant argues that, under English law, the plaintiff's claim for the unpaid charter hire is not securable because

---

1. Although it appears (from the representations of counsel for both parties) that the instant dispute is the subject of arbitration proceedings recently commenced in London, England pursuant to the charter party, the defendant properly does not contend that this circumstance is a bar to attachment. *See The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 46, 64 S.Ct. 863, 865–66, 88 L.Ed. 1117 (1944).

2. The defendant maintains that the deduction from charter hire was in the amount of $87,000. According to the defendant, this amount represents the net loss to defendant, in terms of bunkers consumed and charter hire paid, caused by underperformance of the *Heraklia.*

good faith deductions from charter hire do not constitute breach of the charter party. However, even if the *Nanfri* does represent the state of English law with respect to whether deductions from charter hire constitute default, it does not follow that requiring security is incompatible with such rule. Accordingly, the Court is unconvinced at this juncture that any provision of English law invalidates the attachment or is incompatible with requiring the defendant to give security to obtain release of the bunkers.

Under Rule E(5)(a), where the parties are unable to stipulate as to the amount and/or nature of the security to be given to achieve release of the property subject to attachment, the Court must "fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs," provided that such sum does not exceed twice the amount of the plaintiff's claim or the value of the property, whichever is greater. *See* Supplemental Rule E(5)(a). The plaintiff suggests that a principal sum of $150,000 fits fairly within these guidelines. The Court agrees.

Accordingly, IT IS ORDERED that the defendant's bunkers aboard the *M/V Space,* presently subject to an Order of attachment issued by this Court, shall be released from such Order only upon the giving of security in the amount of $150,000.